IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

PEGGY STAPLES,

    Plaintiff,

v.                                  No. 07-1092

PML, INC.,

    Defendant.

_____

ORDER GRANTING PLAINTIFF'S MOTION TO STRIKE AFFIDAVIT OF
DR. BLAKE CHANDLER
_____

        The Plaintiff, Peggy Staples, has brought this action against the Defendant, PML, Inc. ("PML"), alleging discrimination and retaliation under the Americans with Disabilities Act, the Tennessee Human Rights Act and the Tennessee Handicap Act. On May 12, 2008, she filed a motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. PML filed its response on June 11, 2008, attaching thereto the affidavit of G. Blake Chandler, M.D., an orthopedic surgeon who had treated the Plaintiff. Before the Court is the June 18, 2008 motion of Staples to strike the affidavit. Although it appears from the certificate of consultation contained in the motion that counsel for the Defendant did not agree to the relief sought, counsel has failed to file a response. As the time for such response has expired, the motion is ripe for disposition.

        The Plaintiff filed as an exhibit to her motion for summary judgment an affidavit signed by Dr. Chandler indicating, among other things, that "she needed use of a stool in order to be able to sit while at work. If she were required to stand or walk for a full day without use of a stool, it would cause her pain and further damage to her knees." (Pl.'s Mot. for Summ. J. Ex. C (Aff. of G. Blake Chandler) at ¶ 5). In responding to the dispositive motion, the Defendant attached a different

affidavit signed by Dr. Chandler, which stated in part as follows:

> In my medical opinion, Ms. Staples is not significantly restricted in her ability to walk or stand, and the reason for my recommendation that she be allowed to sit while working[] was in order to slow any progression of the arthritis in her knees.
>
> An additional consideration for my recommendation that Ms. Staples be allowed to sit while working was due to Ms. Staples' body weight, which is outside the normal range for her height and frame. This restriction would not be necessary if Ms. Staples' body weight was in the normal range for her height and frame, and I am aware of no medical reason for her being overweight.

(Def.'s Opp'n to Pl.'s Mot. for Summ. J. Ex. 1 (Aff. of G. Blake Chandler, M.D.) at ¶¶ 7-8 ("Affidavit II")). According to the Plaintiff, counsel for PML drafted Affidavit II and the Defendant's human resources personnel communicated with Dr. Chandler or his staff *ex parte* by forwarding it to him for signature. She avers that he signed Affidavit II, unsworn, and returned it to PML *ex parte*.

In a third affidavit, attached as an exhibit to Staples' response to a motion for summary judgment filed by PML, Dr. Chandler stated that Affidavit II "was submitted to [him] through PML personnel and, amidst surgeries and other demands of my practice, [he] signed it without sufficient review," resulting in inaccuracies. (Pl.'s Resp. in Opp'n to Def.'s Mot. for Summ. J. Ex. (Aff. of Dr. G. Blake Chandler) at ¶ 2 ("Affidavit III")). Dr. Chandler advises in Affidavit III that he does not subscribe to the statements made in paragraphs 7 and 8 of Affidavit II and that

> [w]hen Ms. Staples' individualized medical condition of May 10, 2006 is compared to the average person in the general population, Ms. Staples clearly had significant restrictions in both standing and walking. She could not consistently stand or walk without rest. It is for that reason that I opined, in May of 2006, that she required a stool as an accommodation in order to continue working. That view remains unchanged.

(Affidavit III at ¶¶ 5-6.)

Staples seeks to strike Affidavit II on the grounds that it was unsworn and obtained through *ex parte* communication in violation of the Health Insurance Portability and Accountability Act

("HIPAA"), Pub. L. No. 104-191, 110 Stat. 1936 (1996), and state privacy laws. Because it is dispositive of the motion, the Court will consider only the former argument.

Rule 56(e) provides that "[a] supporting or opposing affidavit must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on the matters stated." Fed. R. Civ. P. 56(e)(1). The requirements of the Rule are mandatory. Collazos-Cruz v. United States, No. 96-5452, 1997 WL 377037, at *2 (6th Cir. July 3, 1997). "[A] court may not consider unsworn statements when ruling on a motion for summary judgment." Dole v. Elliott Travel & Tours, Inc., 942 F.2d 962, 968-69 (6th Cir. 1991). However, consideration of an unsworn declaration may be permitted pursuant to a statutory exception under certain circumstances. Specifically, 28 U.S.C. § 1746 provides that

> [w]herever, under any law of the United States or under any rule, regulation, order, or requirement made pursuant to law, any matter is required or permitted to be supported, evidenced, established, or proved by the sworn declaration, verification, certificate, statement, oath, or affidavit, in writing of the person making the same (other than a deposition, or an oath of office, or an oath required to be taken before a specified official other than a notary public), such matter may, with like force and effect, be supported, evidenced, established, or proved by the unsworn declaration, certificate, verification, or statement, in writing of such person which is subscribed by him, as true under penalty of perjury, and dated, in substantially the following form:
> 
>   (1)   If executed without the United States: "I declare (or certify, verify, or state) under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on (date).
> 
>   (Signature)".
> 
>   (2)   If executed within the United States, its territories, possessions, or commonwealths: "I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed on (date).
> 
>   (Signature)".

Affidavit II does not fall within the ambit of the statutory exception and, therefore, it cannot be considered by the Court. See Hout v. City of Mansfield, Ohio, No. 1:04 CR 1127, 2008 WL 918533, at *1 (N.D. Ohio Mar. 31, 2008) (unsworn affidavits not falling within the § 1746 exception would not be considered in ruling on motion for summary judgment); Tdata Inc. v. Aircraft Tech. Publishers, Nos. 2:03-cv-264, 2:04-cv-1072, 2007 WL 464411, at *3 (S.D. Ohio Feb. 6, 2007) (unsworn affidavit not satisfying § 1746 exception cannot be used to oppose motion for summary judgment). The motion to strike is hereby GRANTED.

IT IS SO ORDERED this 23rd day of July, 2008.

s/ J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE